IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT LOGAN GOLLAHER,<br><br>  Plaintiff,<br><br>v.<br><br>MORGAN COUNTY et al.,<br><br>  Defendants. | **MEMORANDUM DECISION & ORDER TO AMEND DEFICIENT AMENDED COMPLAINT**<br><br>Case No. 2:15-CV-133-TS<br><br>District Judge Ted Stewart |

Plaintiff, inmate Scott Gollaher, filed this *pro se* civil rights suit, *see* 42 U.S.C.S. § 1983 (2016), *in forma pauperis*, *see* 28 id. § 1915. The Court now screens his Complaint (together with reviewing Defendants' Motion for Judgment on the Pleadings on Plaintiff's First, Fourth, and Fifth Causes of Action) and orders Plaintiff to file a second amended complaint to cure deficiencies before further pursuing his claims.

### A. Deficiencies in Amended Complaint

Amended Complaint:

(a) invalidly states some claims based on supervisory liability.

(b) appears to allege faulty Fourth, Fifth, Sixth, and Fourteenth Amendment claims.

(c) does not properly name Morgan County as a defendant.

(d) appears to allege faulty Utah State constitutional claims.

### B. Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Rule 8's requirements mean to guarantee "that defendants enjoy fair notice of

what the claims against them are and the grounds upon which they rest." *TV Commc'ns Network, Inc. v ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991).

*Pro se* litigants are not excused from complying with these minimal pleading demands. "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, it is improper for the Court "to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what each defendant--typically, a named government employee--did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action). "To state a claim, a complaint must 'make clear exactly who is alleged to have done what to whom.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.2d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone does not support § 1983 liability).

Fourth, "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

## ORDER

**IT IS HEREBY ORDERED that:**

(1) Plaintiff must within thirty days cure the Amended Complaint's deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a form complaint for Plaintiff to use should he choose to file a second amended complaint.

(3) If Plaintiff fails to timely cure the above deficiencies according to this Order's instructions, this action will be dismissed without further notice.

(4) Defendants' Motion for Judgment on the Pleadings is DENIED. (*See* Docket Entry # 14.) The Motion is moot, now that the Court has invited Plaintiff to cure the Amended Complaint's deficiencies noted in the Motion.

(5) Plaintiff's motion for an extension of time in which to respond to Defendants' Motion for Judgment on the Pleadings is DENIED. (*See* Docket Entry # 20.) The motion for time extension is moot, now that the Court has denied Defendants' motion.

DATED this 29th day of March, 2016.

BY THE COURT:

JUDGE TED STEWART
United States District Court