R. Blake Hamilton (Utah Bar No. 11395)
bhamilton@djplaw.com
Ashley M. Gregson (Utah Bar No. 13716)
agregson@djplaw.com
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT 84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

ATTORNEYS FOR DEFENDANTS

---

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| SCOTT LOGAN GOLLAHER,<br><br>      Plaintiff,<br><br>vs.<br><br>MORGAN COUNTY, a political subdivision of the State of Utah, WILLIAM Z. WENTLAND, JEFFERY SCOTT ROSS, JANN L. FARRIS, and JOHN DOE.<br><br>      Defendants. | **RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S FIRST, SECOND, THIRD, FOURTH, AND SEVENTH CAUSES OF ACTION**<br><br><br>Civil No. 2:15cv00133-TS<br>Judge Ted Stewart |

Pursuant to Rules 8 and 12(c) of the Federal Rules of Civil Procedure, Defendants

Morgan County, William Z. Wentland, and Jann L. Farris (collectively "Defendants"), by and

through their undersigned counsel, hereby move for judgment on the pleadings on Plaintiff Scott

Logan Gollaher's ("Plaintiff's") First, Second, Third, Fourth, and Seventh causes of action. For

the reasons set forth below, Plaintiff has failed to state a claim for which relief can be granted on

these five causes of action, and they should therefore be dismissed.

## INTRODUCTION

Rules 8 and 12(c) create minimum pleading standards in order for the opposing party to have fair notice of the grounds for a particular claim against them. Plaintiff was given an opportunity by the court to amend pleading deficiencies in his First Amended Complaint, yet Plaintiff has failed to follow the court's instructions. Instead, Plaintiff's Second Amended Complaint once again provides a lengthy list of conclusory claims and bare assertions against Defendants. For the reasons stated below, Plaintiff has failed to adequately plead his various constitutional claims against Defendants. Defendants respectfully request that the court grant its Renewed Motion for Judgment on the Pleadings on Plaintiff's First, Second, Third, Fourth, and Seventh Causes of Action and dismiss these claims with prejudice.

## STATEMENT OF FACTS

Plaintiff brought suit against Defendants William Z. Wentland ("Wentland"), and Jann L. Farris ("Farris"), and Morgan County alleging civil rights violations.[1] Defendants filed a Motion for Judgment on the Pleadings due to the deficiencies in Plaintiff's First Amended Complaint.[2] On March 29, 2016, the Court issued an order directing Plaintiff to amend the deficiencies in his complaint.[3] The Court provided Plaintiff with specific instructions: (1) do not "refer to, or incorporate by reference, any portion of the original complaint," (2) "clearly state what each defendant…did to violate Plaintiff's civil rights," (3) do not "name an individual as a defendant based solely on his or her supervisory position," and (4) "denial of a grievance, by itself…, does

---

[1] *See generally* First Am. Compl. [Docket No. 6].
[2] *See generally* Motion for Judgment on the Pleadings on Plaintiff's First, Fourth, and Fifth Causes of Action [Docket No. 14].
[3] *See generally* Memorandum Decision & Order to Amend Deficient Am. Compl. [Docket No. 22].

SLC_2440197.1

not establish personal participation…".[4]  Plaintiff then filed his Second Amended Complaint naming as additional Defendants Jeffrey Scott Ross and John Doe and adding two new causes of action.[5]

Plaintiff's claims are based on a search and arrest that took place at his residence on July 13, 2012.[6]  Officers executed the search pursuant to a valid search warrant authorizing the seizure of items relating to sexual exploitation of a minor.[7]  Plaintiff invoked his right to counsel[8] and largely remained silent during the search.[9]  Wentland placed Plaintiff under arrest for possession of child pornography and sodomy of a child.[10]  Plaintiff alleges that Wentland knowingly fabricated and misrepresented facts in the search warrant affidavit,[11] the police reports during his investigation,[12] and the police report of the incident.[13]  Plaintiff claims that his constitutional rights were violated because no probable cause existed for the search of his residence[14] or for his arrest.[15]  Farris filed charges against Plaintiff by information for one count of sodomy of a child and ten counts of sexual exploitation of a minor.[16]  Plaintiff claims that his resulting incarceration violated his constitutional rights because of a lack of probable cause.[17]

---

[4] *See id.* at 2 (citations omitted).
[5] *See generally* 2nd Am. Compl. [Docket No. 23].
[6] Docket No. 23, at ¶ 30.
[7] *Id.* at ¶¶ 18, 26.
[8] *Id.* at ¶ 54.
[9] *Id.* at ¶ 75.
[10] *Id.* at ¶ 77.
[11] *Id.* at ¶ 19.
[12] *Id.* at ¶ 20.
[13] *Id.* at ¶ 31.
[14] *Id.* at ¶ 33.
[15] *Id.* at ¶¶ 79, 198.
[16] *Id.* at ¶ 94.
[17] *Id.* at ¶ 205.

## ARGUMENT

## I.     RULE 12(c) STANDARD.

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[18]  A party may request judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."[19]  A Motion for Judgment on the Pleadings is reviewed under the same standard as a Rule 12(b)(6) Motion to Dismiss.[20]  A complaint is subject to dismissal under Rule 12(b)(6) if it "fail[s] to state a claim upon which relief can be granted."[21]

To state a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[22]  While Rule 8 "does not require detailed factual allegations . . . it demands more than an unadorned, the defendant unlawfully-harmed-me accusation."[23]  The complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement."[24]  At a minimum, the facts pled must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."[25]

---

[18] Fed. R. Civ. P. 8(a)(2).
[19] *Id.* at 12(c).
[20] *Swasey v. W. Valley City*, No. 2:13-CV-00768-DN, 2015 WL 500870, at *1 (D. Utah, Feb. 5, 2015).
[21] Fed. R. Civ. P. 12(b)(6).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotations omitted); *see also Sanchez v. Hartley*, 810 F.3d 750, 755–56 (10th Cir. 2016).
[23] *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).
[24] *Id.* (internal quotations omitted).
[25] *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on other grounds by *Twombly*, 550 U.S. at 555).

SLC_2440197.1

While this Court must accept reasonable inferences derived from well-pleaded facts, it need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements"[26] or "a legal conclusion couched as a factual allegation."[27]  In addition, if a plaintiff fails to allege an essential element of his or her claim, the complaint does not sufficiently state a claim upon which relief may be granted and may be dismissed.[28]  For the reasons below, Defendants move for judgment on the pleadings, and argue that Plaintiff's claims are subject to dismissal.

## II.    PLAINTIFF'S FIRST AND SECOND CAUSES OF ACTION AGAINST DEFENDANT WENTLAND FAIL TO STATE A CLAIM.

Plaintiff's First Cause of Action claims "[d]eprivation of federal constitutional rights cognizable under 42 U.S.C. § 1983" and appears to include allegations against Wentland pertaining to his Sixth Amendment rights.[29]  Plaintiff's Second Cause of Action claims that Wentland violated his Fourth, Fifth, and Fourteenth Amendment rights.[30]  For the following reasons, Plaintiff has failed to present facts that rise to the level of violations of these constitutional provisions.

### a.    Plaintiff's Sixth Amendment rights had not attached at the time of the events described in the First Cause of Action.

Plaintiff alleges that Defendant Wentland violated his Sixth Amendment rights because "Plaintiff invoked his right to counsel and requested permission to contact counsel," and

---

[26] *Iqbal*, 556 U.S. at 663.

[27] *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[28] *See Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

[29] *See generally* Docket No. 23, at ¶¶ 152–85.

[30] *See generally id.* at ¶¶ 186–200.

SLC_2440197.1

"Wentland clearly heard and also ignored" his request."[31] Plaintiff claims that Wentland

permitted Trost to taunt him and elicit a response from him so that he would waive his rights.[32]

       The Sixth Amendment right to counsel, as it relates to interrogations, differs from the

Fifth Amendment. It "prohibits law enforcement officers from deliberately eliciting

incriminating information from a defendant in the absence of counsel after a formal charge

against the defendant has been filed."[33] The "Sixth Amendment right to counsel attaches at the

initiation of adversary judicial criminal proceedings, whether by way of formal charge,

preliminary hearing, indictment, information, or arraignment."[34] "The right to counsel is not

triggered by arrest alone."[35] As such, "there is no Sixth Amendment right to counsel for

uncharged offenses, even if they are 'closely related to' or 'inextricably intertwined with'

charged offenses."[36] This rule is subject only to a narrow exception for "offenses that, even if

not formally charged, would be considered the same offense under the *Blockburger* test."[37] The

*Blockburger* test asks whether each of the charged and uncharged offenses "requires proof of a

fact which the other does not."[38]

---

[31] *Id.* at ¶ 54.
[32] *Id.* at ¶ 179.
[33] *Rhode Island v. Innis*, 446 U.S. 291, 300 n.4 (1980) (internal quotations omitted) (citing *Massiah v. United States*, 377 U.S. 201, 206 (1964)).
[34] *State v. Hilfiker*, 868 P.2d 826, 831 n.2 (Utah Ct. App. 1994); *see also Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) ("[O]nce the adversary judicial process has been initiated, the Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings," including "[i]nterrogation by the State.").
[35] *Nees v. Bishop*, 730 F.2d 606, 613 (10th Cir. 1984).
[36] *United States v. Mullins*, 613 F.3d 1273, 1286 (10th Cir. 2010) (quoting *Texas v. Cobb*, 532 U.S. 162, 186 (2001)).
[37] *Id.* (citing *Blockburger v. United States*, 284 U.S. 299 (1932)).
[38] *Id.* (quoting *Blockburger*, 234 U.S. at 304)).

Here, Plaintiff claims that he was a "criminal defendant who has been charged"[39] at the time Wentland allegedly permitted another officer to elicit an incriminating response from him. However, Plaintiff acknowledges multiple times that he is referring to a prior charge (Case No. 121500023),[40] not the charge that resulted from the search of his residence (Case No. 121500028).[41]  At the time the alleged interrogation took place, Plaintiff did not have a right to counsel for this uncharged offense.  Because the charged and uncharged offenses each require proof of different facts, [42] they would not be considered the same offense under *Blockburger*, even if Plaintiff may argue that they are closely related.  Therefore, Plaintiff has failed to state a claim for a Sixth Amendment violation by Defendant Wentland, and this claim should be dismissed.

      **b. Plaintiff's allegations do not rise to the level of a Fourth Amendment violation and are not sufficiently pled.**

            *i. Plaintiff has failed to plead a Fourth Amendment violation for his arrest.*

Plaintiff makes numerous references to alleged Fourth Amendment violations throughout his Complaint.[43] First, Plaintiff claims that his arrest was unlawful because Wentland lacked probable cause for his arrest[44] and that the arrest was based on a "pretext purpose."[45] Specifically, Plaintiff claims that "[t]he false arrest was a pretext to remove Plaintiff from his

---

[39] *See* Docket No. 23, at ¶¶ 181–82.
[40] *Id.* at ¶¶ 40, 47, 76, 97, 101, 104, 127, 175, 205.
[41] *Id.* at ¶ 124.
[42] While Case No. 121500023 involved charges for Aggravated Sexual Abuse of a Child (Utah Code Ann. § 76-5-404.1), Case No. 121500028 involves charges for Sodomy on a Child (Utah Code Ann. § 76-5-403.1) and Sexual Exploitation of a Minor (Utah Code Ann. § 76-5B-201).
[43] *See id.* at ¶¶ 79, 155, 162, 176, 189, 191.
[44] *See id.* at ¶¶ 33, 79, 190, 192, 198.
[45] *See id.* at ¶¶ 48, 189.

SLC_2440197.1

residence and limit his liberty interest by restraining Plaintiff in jail."[46]  Plaintiff challenges his confinement and prosecution on the same grounds.[47]

The Fourth Amendment protects the "right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures."[48]  Probable cause for an arrest is established when there "exists facts and circumstances within the officer's knowledge, and of which he had reasonably trustworthy information, which are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed."[49]  Here, Plaintiff merely repeats the conclusory statement that there was no probable cause for his arrest without providing sufficient factual allegations to support this contention.  Instead, the majority of Plaintiff's allegations pertain to the validity of the search warrant affidavit, which is addressed in the next section.  Therefore, Plaintiff has failed to plead a Fourth Amendment violation with regard to his arrest.

    ii.  *Plaintiff has failed to show that the search warrant affidavit was invalid.*

Second, Plaintiff also challenges the validity of the search warrant affidavit by alleging that Wentland "knowingly fabricated and misrepresented"[50] and "knowingly omitted material facts and lied"[51] in the search warrant affidavit.  Plaintiff claims that the victim's testimony in the search warrant affidavit that he had taken pictures of her is a "fabricated falsity."[52]  Plaintiff also claims that Wentland omitted context for the statement in the search warrant affidavit that

---

[46] *Id.* at ¶ 191.
[47] *See id.* at ¶ 198.
[48] U.S. Const. amend. IV.
[49] *United States v. Leon-Chavez*, 801 F. Supp. 541, 546 (D. Utah 1992) (citing *Brinegar v. United States*, 338 U.S. 160, 175–76 (1949); *United States v. Miller*, 532 F.2d 1335 (10th Cir. 1976) (additional citations omitted)).
[50] Docket No. 23, at ¶ 19.
[51] *Id.* at ¶ 48.
[52] *Id.* at ¶ 157.

8

Plaintiff took pictures of children with his cell phone because Wentland failed to state that the children were swimming at a pond.[53] Where a search warrant is facially valid, "it may only be challenged on a substantial showing" of falsity:[54]

> "It is a violation of the Fourth Amendment for an affiant to knowingly and intentionally, or with reckless disregard for the truth, make a false statement in an affidavit. Where a false statement is made in an affidavit for a search warrant, the search warrant must be voided if the affidavit's remaining content is insufficient to establish probable cause. This prohibition likewise applies to intentional or reckless omissions of material facts, which if included, would vitiate probable cause."[55]

The first step in this inquiry is to determine whether the affidavit includes false statements or omitted information.[56] Here, although Plaintiff claims that the victim's testimony is a "fabricated falsity," he has failed to allege any facts to support this conclusory statement. He has failed to present facts that would cast doubt on the "veracity, reliability, and basis of knowledge" of the victim.[57] Therefore, there is no evidence that the affidavit includes false statements.

With respect to Plaintiff's contention that the affidavit omitted the context regarding the pictures taken at the pond, "the next step in the analysis requires that the court examine the affidavit to determine whether inclusion of that information would have vitiated probable cause."[58] "In a case involving the withholding of exculpatory evidence, the existence of probable cause is determined by examining the evidence 'as if the omitted information had been included' and inquiring whether probable cause existed in light of all the evidence, including the omitted

---

[53] *See id.* at ¶¶ 49, 158, 161.
[54] *See Mason v. United States*, 719 F.2d 1485, 1488 (10th Cir. 1983).
[55] *Rodriguez-Ramirez*, 2013 WL 1136674, at *2 (quoting *Basham*, 268 F.3d at 1204 (citing *Franks v. Delaware*, 438 U.S. 154, 171–72 (1978))).
[56] *See Haywood v. Nye*, 999 F. Supp. 1451, 1458 (D. Utah 1998).
[57] "Veracity, reliability, and basis of knowledge are extremely relevant factors in deciding whether a tip can support probable cause." *United States v. Campbell*, 603 F.3d 1218, 1234 (10th Cir. 2010) (citing *United States v. Quezada–Enriquez*, 567 F.3d 1228, 1230 (10th Cir. 2009) (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1983))).
[58] *Haywood*, 999 F. Supp. at 1458–59 (citing *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996)).

information."[59] In *Knapp*, the Tenth Circuit found sufficient probable cause because "[a]lthough the evidence omitted from the affidavit would have been marginally beneficial to [Plaintiff], the omissions were not vital to the magistrate's probable cause determination."[60] Here, Plaintiff claims that the omitted context about the pond constitutes exculpatory evidence because it shows that the alleged photos taken were not lascivious. However, even if the magistrate had considered the omitted context about the pond, the act of taking photographs of children would still have appeared sufficiently incriminating to warrant a finding of probable cause when viewed in light of the other evidence in the search warrant affidavit. As such, the omitted context about the pond would not have been vital to the magistrate's probable cause determination and likely would not have even been marginally beneficial to the Plaintiff given that it would arguably support probable cause. Therefore, inclusion of this omitted context about the pond would not have vitiated probable cause.

The final question is whether the officer "signed the affidavit knowing of the omitted statements or with reckless disregard for the truth."[61] In order to show a reckless disregard for the truth, "[a] plaintiff must prove that 'the affiant' in fact entertained serious doubts as to the truth of his allegations."[62] Further, "[r]ecklessness may be inferred from omission of facts which are 'clearly critical' to a finding of probable cause."[63] Here, other than Plaintiff's repeated assertions that Wentland acted knowingly in omitting this information, Plaintiff has failed to allege any facts showing that Wentland in fact entertained any doubts, much less serious doubts,

[59] *Pierce v. Gilchrist*, 359 F.3d 1279, 1293 (10th Cir. 2004) (citing *Wolford*, 78 F.3d at 489 (quoting *Stewart v. Donges*, 915 F.2d 572, 582 n. 13 (10th Cir. 1990))).
[60] *United States v. Knapp*, 1 F.3d 1026, 1029 (10th Cir. 1993).
[61] *Haywood*, 999 F. Supp. at 1459.
[62] *Bruning v. Pixler*, 949 F.2d 352, 357 (10th Cir. 1991) (citations omitted).
[63] *Id.* (citations omitted).

as to the truth of the allegations of the affidavit. Further, even if Wentland did have some

doubts, the omitted context was not clearly critical to the finding of probable cause, as explained

above. Because the search warrant was valid, Plaintiff has failed to show a Fourth Amendment

violation by Defendant Wentland, and this claim should be dismissed.

### c. Plaintiff's Fifth Amendment claim fails because no self-incriminating statement has been used against him at trial.

Plaintiff claims that Defendant Wentland violated his Fifth Amendment rights because

"no probable cause existed" when he was arrested[64] and because Wentland knowingly made

omissions and fabrications in the search warrant affidavit.[65] Plaintiff also claims that Defendant

Wentland knowingly "permitted a civilian FBI ride-along" to guard him during execution of the

search warrant.[66] Plaintiff again relies on the allegation that "Wentland knowingly allowed

taunting by Trost to evoke a response from Plaintiff creating a hostile condition calculated to get

Plaintiff to engage verbally or otherwise and thereby waive his invoked protected rights…."[67]

The Fifth Amendment protects defendants from having their coerced self-incriminating

statements used against them in a criminal case. The United States Supreme Court, through the

*Miranda-Edwards* line of cases, has created several prophylactic rules to avoid violations of this

right. This includes the rule that once an individual requests to speak with his attorney, all

custodial interrogation of that individual should cease.[68] However, federal courts have been

careful to preserve the difference between the *Miranda-Edwards* rules and the Fifth Amendment

rights. For instance, a failure to Mirandize an individual before engaging in custodial

---

[64] Docket No. 23, at ¶ 79.
[65] *See id.* at ¶¶ 162, 189.
[66] *Id.* at ¶ 176.
[67] *Id.* at ¶ 179.
[68] *See*

SLC_2440197.1

interrogation is certainly a violation of the *Miranda* rule, but it is not automatically a Fifth Amendment violation.[69] This is because the Fifth Amendment is a trial right. "Although conduct by law enforcement officials prior to trial may ultimately impair that right, a constitutional violation occurs only at trial."[70] Therefore, "[t]he absence of a criminal case in which [the defendant] was compelled to be a witness against himself defeats his core Fifth Amendment claim."[71]

Here, Plaintiff has alleged that S.A. Ross continued to question him after he had requested to speak with his attorney and that Trost allegedly made other statements in an attempt to get him to respond. However, Plaintiff has made no allegation that he was coerced into responding to these communications with a self-incriminating statement, nor has he alleged that any such statement was used against him at trial. In fact, the charges Morgan County brought against him never reached trial. While such communications may have been impermissible according to federal case law, they alone do not rise to the level of a Fifth Amendment violation such as to provide grounds for liability under § 1983. For these reasons, Plaintiff's Fifth Amendment claim against Defendant Wentland fails to state a claim for which relief can be granted.

### d. Plaintiff's allegations do not rise to the level of a Fourteenth Amendment claim and are not sufficiently pled.

Plaintiff does not identify specific allegations that constitute violations of his Fourteenth Amendment rights. The only specific reference to the Fourteenth Amendment is in Paragraph

---

[69] *See* [Chavez v. Martinez, 583 U.S. 760, 772 (2003).](Chavez v. Martinez, 583 U.S. 760, 772 (2003).)
[70] *Id.* at 766.
[71] *Id*. at 772–773.

176 where he alleges that Wentland permitted a civilian FBI ride-along to guard him during the search of his residence.[72]  Instead, Plaintiff makes vague references to a "liberty interest" and "due process rights."[73] Specifically, Plaintiff alleges that "[t]he false arrest was a pretext to remove Plaintiff from his residence and limit his liberty interest by restraining Plaintiff in jail, violating Plaintiff's…due process rights, both State and Federal."[74] In addition, Plaintiff also alleges that his "livelihood and opportunity was damaged and opportunities limited as Plaintiff was incarcerated" and "the illegal confinement and loss of liberty severely impacted other civil and criminal cases before the courts."[75]

The Fourteenth Amendment provides that no person shall be deprived of "life, liberty, or property, without due process of law."[76]  The United States Supreme Court has found that the Fourteenth Amendment due process clause is only violated by "the most egregious official conduct."[77]  Since the Fifth Amendment has been found to apply only to coerced incriminating statements being used at trial, the Supreme Court has indicated that the Fourteenth Amendment governs the inquiry when the claim involves "police torture or other abuse that results in a confession."[78]  As it applies to interrogations, "[c]onvictions based on evidence obtained by methods that are so brutal and offensive to human dignity that they shock the conscience violate

---

[72] Docket No. 23, at ¶ 176.
[73] *See id.* at ¶ 191.
[74] *Id.*
[75] *Id.* at ¶ 200.
[76] U.S. Const. amend. XIV.
[77] *Chavez*, 538 U.S. at 774.
[78] *Id.* at 773.

SLC_2440197.1

the Due Process Clause."[79] Conduct that rises to the level of "conscience-shocking" is "conduct intended to injure in some way unjustifiable by any government interest."[80]

Plaintiff's allegations of continued questioning after he requested to speak with an attorney and alleged taunting do not rise to the level of conscience-shocking conduct intended to injure Plaintiff. Plaintiff's allegations regarding S.A. Ross' and Trost's statements and the conditions under which he was detained (apparently handcuffed wearing only underwear for a period of time during the search) do not indicate that Defendant Wentland intended to injure Plaintiff in any way that is not justified by government interest in executing the search warrant. With respect to the allegation that Defendant Wentland allowed a civilian to guard Plaintiff for a short period of time during the search, Plaintiff makes no allegation as to how this would have violated his due process (or any other) right under the Fourteenth Amendment. For this reason, Plaintiff has failed to adequately plead a Fourteenth Amendment violation under *Iqbal*, and this claim should be dismissed.

III. **PLAINTIFF'S THIRD CAUSE OF ACTION AGAINST DEFENDANT FARRIS FAILS TO STATE A CLAIM.**

Plaintiff's Third Cause of Action claims "constitutional violations by the prosecutor," but fails to specify which constitutional rights were violated.[81] Plaintiff's allegations appear to claim violations of his Fourth, Sixth, Eighth, and Fourteenth Amendment rights.[82] Plaintiff has failed to present facts that rise to the level of violations of these constitutional provisions.

a. **Plaintiff's allegations do not rise to the level of a Fourth Amendment violation and are not sufficiently pled.**

---

[79] *Id.* (internal quotations omitted).
[80] *Id.* at 775.
[81] *See generally* Docket No. 23, at ¶¶ 201–220.
[82] *See id.* at ¶ 1. The Fifth Amendment is inapplicable to allegations against Defendant Farris.

Plaintiff claims that Defendant Farris failed to make an "affirmative effort to conduct a preliminary examination to expose the lack of probable cause to arrest or charge."[83] Plaintiff claims that Farris instead filed "an unsupported information charging Plaintiff without probable cause and without investigation to ensure probable cause existed to bolster case 121500023, already filed."[84] Plaintiff makes these claims based on the allegation that "[n]o probable cause supported the original arrest 7/13/12, confinement for 230 days or the placebo prosecution…."[85] Plaintiff also makes repeated references to "being held in an improper venue."[86] Plaintiff claims that Farris did not "have jurisdiction to charge plaintiff for the crimes charged even if true, but refused to correct this error."[87]

The Supreme Court has ruled that "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest."[88] The plaintiff "bear[s] the heavy burden of showing that [the police officer's] falsification of inculpatory evidence or suppression of exculpatory evidence was necessary to the finding of probable cause: that without the falsified inculpatory evidence, or with the withheld exculpatory evidence, there would have been no probable cause for his continued confinement or prosecution."[89]

Here, Plaintiff makes repeated, conclusory allegations that his arrest and the search warrant were not supported by probable cause because of omitted context that he took

---

[83] Docket No. 23, at ¶ 130.

[84] *Id.* at ¶ 205.

[85] *Id.* at ¶ 198.

[86] Docket No. 23, at ¶ 99, 140.

[87] *Id.* at ¶ 212.

[88] *Wilkins v. DeReyes*, 528 F.3d 790, 805 (10th Cir. 2008) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975)).

[89] *Pierce*, 359 F.3d at 1295 (citing *Stewart*, 915 F.2d at 582 n. 13; *Wolford*, 78 F.3d at 489; *Taylor v. Meacham*, 82 F.3d 1556, 1562 (10th Cir. 1996)).

photographs of children at a pond. As explained above, the omitted context about the pond does not constitute withheld exculpatory evidence, but rather, arguably provides additional probable cause. Therefore, Plaintiff has not met his heavy burden to show that there was no probable cause for his prosecution or confinement. With regard to Plaintiff's claim that he was being held in an improper venue, "[a]n illegal arrest does not vitiate an indictment or deprive the court of jurisdiction."[90] Thus, Plaintiff has failed to plead a Fourth Amendment violation by Defendant Farris, and this claim should be dismissed.

**b. Plaintiff's allegations do not rise to the level of a Sixth Amendment violation and are not sufficiently pled.**

Plaintiff does not identify any specific allegations that pertain to a Sixth Amendment violation by Farris. First, Plaintiff appears to claim a violation of the right to a speedy trial by alleging that he was falsely imprisoned for 230 days.[91] The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."[92] In *Barker v. Wingo*, the Supreme Court created a four-part test to determine whether a defendant's right to a speedy trial has been violated.[93] Courts must balance the following factors: "(1) the length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant."[94] The first factor serves as a threshold inquiry, and "the remaining three factors need only be assessed 'if the delay is long enough to be presumptively

---

[90] *United States v. Leon-Chavez*, 801 F. Supp. 541, 547 (D. Utah 1992) (citing *United States v. Crews*, 445 U.S. 463, 474 (1980) (additional citations omitted)).
[91] Docket No. 23, at ¶ 197
[92] U.S. Const. amend. VI.
[93] *United States v. Margheim*, 770 F.3d 1312, 1325 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 1514 (2015) (citing *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972)).
[94] *Id.* at 1325–26 (quoting *United States v. Yehling*, 456 F.3d 1236, 1243 (10th Cir. 2006)).

SLC_2440197.1

prejudicial."[95] "'Delays approaching one year generally satisfy the requirement of presumptive prejudice.'"[96] Here, Plaintiff claims that he was incarcerated for 230 days or nearly eight months, which falls short of the one-year delay for presumptive prejudice. Given that Plaintiff has failed to meet this threshold requirement, he has failed to plead a violation of his Sixth Amendment right to a speedy trial.

Second, Plaintiff also alleges that "the right to counsel…was offended" by being "absent counsel for a time, and being provided conflict counsel so conflicting in loyalty…."[97] Plaintiff takes issue with Farris' stipulation to withdrawal of Plaintiff's counsel prior to a hearing held on July 25, 2012.[98] Plaintiff was appointed counsel at the next hearing on August 8, 2012[99] and was represented by private counsel at the following hearing on September 26, 2012.[100] At the October 10, 2012 hearing, the court appointed Mr. Bushell as counsel who represented him thereafter.[101] Plaintiff claims that Bushell ignored his requests and instead would "run the case the way he felt best."[102] Plaintiff also claims that Farris had a conflict of interest with Bushell because "Farris hired his friend."[103]

The "Sixth Amendment right to counsel attaches at the initiation of adversary judicial criminal proceedings…."[104] However, "[t]he Sixth Amendment provides no right to counsel

---

[95] *Id.* (quoting *Yehling*, 456 F.3d at 1243).
[96] *Id.* (quoting *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006)).
[97] Docket No. 23, at ¶ 140.
[98] *Id.* at ¶ 103–04.
[99] *Id.* at ¶ 109.
[100] *Id.* at ¶ 118.
[101] *Id.* at ¶ 122, 124.
[102] *Id.* at ¶¶ 130–34.
[103] *Id.* at ¶ 130.
[104] *State v. Hilfiker*, 868 P.2d 826, 831 n.2 (Utah Ct. App. 1994); *see also Montejo v. Louisiana*, 556 U.S. 778, 786 (2009) ("[O]nce the adversary judicial process has been initiated, the Sixth Amendment guarantees a defendant the right to have counsel present at all critical stages of the criminal proceedings," including "[i]nterrogation by the State.").

SLC_2440197.1

blindly following a defendant's instructions,"[105] and "there is no absolute right to counsel of one's choice."[106]  With regard to conflicts of interest, "[t]he mere possibility of a conflict of interest 'is insufficient to impugn a criminal conviction.'"[107]  Here, Plaintiff was represented by counsel at every hearing except his initial hearing because his existing counsel had made the decision to withdraw, regardless of any stipulation by Farris. Further, Plaintiff was not entitled to counsel of his own choice who would blindly follow his instructions.  Rather, the court protected his right to counsel through appointment of Bushell who duly represented him in accordance with his own professional judgment.  Finally, Plaintiff's conclusory assertions of a conflict of interest between Farris and Bushell are insufficient to state a claim for a Sixth Amendment violation.  At most, Plaintiff has merely alleged the possibility of a conflict but failed to provide facts supporting this assertion.  For these reasons, Plaintiff has failed to plead a Sixth Amendment violation by Farris, and this claim should be dismissed.

### c.  Plaintiff has failed to plead an Eighth Amendment violation.

Plaintiff makes no specific references to the Eighth Amendment in the factual allegations of his Complaint.  Plaintiff appears to blame Farris for his incarceration "without bail,"[108] stating "Defendant Farris caused Plaintiff to be confined without bail, felony on felony, for 230 days in WCCF."[109]  Plaintiff's basis for this allegation is that Farris "refused to address the issue of felony-on-felony status that prevented bail…."[110]

---

[105] *United States v. Padilla,* 819 F.2d 952, 956 (10th Cir. 1987) (citing *McQueen v. Blackburn,* 755 F.2d 1174, 1178 (5th Cir. 1985), *cert. denied,* 474 U.S. 852 (1985)).
[106] *Id.* (citing *United States v. Peister,* 631 F.2d 658, 661 (10th Cir. 1980), *cert. denied,* 449 U.S. 1126 (1981)).
[107] *United States v. McCullah,* 76 F.3d 1087, 1098 (10th Cir. 1996) (quoting *Cuyler v. Sullivan,* 446 U.S. 335, 350, (1980)).
[108] *See* Docket No. 23, at ¶ 103–04, 129, 132.
[109] *Id.* at ¶ 211.
[110] *Id.* at ¶ 130.

SLC_2440197.1

The Tenth Circuit "has distinguished pretrial detainees…from convicted prisoners, and held that '[p]retrial detainees are protected under the Due Process Clause rather than the Eighth Amendment.'"[111] However, the Tenth Circuit applies the same analysis in either type of case.[112] The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."[113]  Plaintiff has made no factual allegations asserting that he was subjected to cruel and unusual punishment.  With regard to bail, "bail may not be denied 'without the application of a reasonably clear legal standard and the statement of a rational basis for the denial.'"[114] Here, Plaintiff appears to take issue with the application of the "felony-on-felony" statute, which allows denial of bail when a person commits a felony while awaiting trial on a previous felony charge.[115]  Plaintiff was denied bail pursuant to the clear standard set forth in this statute.  Plaintiff has failed to allege any facts challenging the standard itself or the application of the standard to him.  Therefore, Plaintiff has failed to plead an Eighth Amendment violation by Farris, and this claim should be dismissed.

### d.  Plaintiff has failed to plead a Fourteenth Amendment violation.

Plaintiff does not identify specific allegations against Farris that constitute violations of his Fourteenth Amendment rights. To the extent that allegations against Wentland pertaining to Plaintiff's confinement were also intended to apply to Farris, Plaintiff alleges that his "livelihood and opportunity was damaged and opportunities limited as Plaintiff was incarcerated" and "the

---

[111] *Mork v. Salt Lake Cty.*, No. 2:03-CV-686 PGC, 2005 WL 3050990, at *4 (D. Utah Nov. 15, 2005) (quoting *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1315 (10th Cir. 2002) (citation omitted)).
[112] *See id.* (citing *Olsen*, 312 F.3d at 1315).
[113] U.S. Const. amend. VIII.
[114] *Meechaicum v. Fountain*, 696 F.2d 790, 791 (10th Cir. 1983) (quoting *Atkins v. Michigan*, 644 F.2d 543, 549 (6th Cir.), *cert. denied*, 452 U.S. 964 (1981)).
[115] *See* Utah Code Ann. § 77-20-1(2)(b).

19

illegal confinement and loss of liberty severely impacted other civil and criminal cases before the courts."[116] The Fourteenth Amendment provides that no person shall be deprived of "life, liberty, or property, without due process of law."[117]  The United States Supreme Court has found that the Fourteenth Amendment due process clause is only violated by "the most egregious official conduct."[118]  Here, Plaintiff's vague allegations do not rise to the level of conscience-shocking conduct intending to injure Plaintiff.  Plaintiff makes no allegations as to how or why his confinement would have violated his due process (or any other) right under the Fourteenth Amendment.  Therefore, Plaintiff has failed to adequately plead a Fourteenth Amendment violation under *Iqbal*, and this claim should be dismissed.

## IV. PLAINTIFF'S FOURTH CAUSE OF ACTION AGAINST DEFENDANT MORGAN COUNTY FAILS TO STATE A CLAIM.

Plaintiff's Fourth Cause of Action alleges that Morgan County had inadequate policies and procedures regarding several aspects of his case, and that Morgan County failed to adequately train and supervise Defendants Wentland and Farris.[119]  It appears that Plaintiff is bringing this cause of action against Morgan County under a *Monell* theory of liability. The Supreme Court in *Monell* determined that municipalities cannot be held liable for civil rights violations under a theory of *respondeat superior*, but rather may only be held liable upon a showing that the "execution of a government's policy or custom . . . inflicts the injury that the government as an entity may be responsible under § 1983."[120]  A successful *Monell* claim must

---

[116] Docket No. 23, at ¶ 200.
[117] U.S. Const. amend. XIV.
[118] *Chavez*, 538 U.S. at 774.
[119] *See generally* Docket No. 23, at ¶¶ 221–38.
[120] *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

plead three elements: (1) the existence of an official policy or custom, (2) causation, and (3) "deliberate indifference to an almost inevitable constitutional injury."[121]

A practice is considered an official policy or custom "if it is a formally promulgated policy, a well-settled custom or practice, a final decision by a municipal policymaker, or deliberately indifferent training or supervision."[122] Plaintiff fails to identify specific Morgan County policies or procedures that he claims to be deficient. Plaintiff merely alleges:

> "Morgan County knowingly and recklessly failed to create, adopt, promulgate, implement, enforce, revise, and /or update lawful policies, procedures and/or protocols regarding all referenced allegations and the handling of such…"[123]

Rather than alleging specific facts showing that Morgan County's polices are inadequate, he makes the sweeping allegation that Morgan County either had no policies or had inadequate policies relating to all of the allegations in his Complaint. This conclusory statement without any factual support is insufficient. With regard to training, Plaintiff claims that Morgan County failed to provide "training on those Constitutional and statutory laws violated and raised in this Complaint…."[124] Again, Plaintiff's bare assertions that training was inadequate are insufficient absent any attempt to show that inadequacy through factual allegations. Thus, Plaintiff has failed to plead the first element of a *Monell* claim.

Plaintiff has also failed to plead the causation element of a *Monell* claim. The causation element requires that "the challenged policy or practice must be closely related to the violation of the plaintiff's federally protected right" and "is satisfied if the plaintiff

---

[121] *Schneider v. City of Grand Junction Policy Dept.*, 717 F.3d 760, 769 (10th Cir. 2013).
[122] *Id.* at 770.
[123] Docket No. 23, at ¶ 228.
[124] *Id.* at ¶ 142.

shows that the municipality was the moving force behind the injury alleged."[125]  Plaintiff alleges that Morgan County's failure to adopt adequate policies "proximately caused Plaintiff Scott Gollaher's rights being violated and injury and suffering and resulted and continues."[126]  With regard to Plaintiff's failure to train claim, Plaintiff alleges that Morgan County "left its employees Wentland and Farris without the necessary directive and training, or the supervision to ensure compliance with the custodial rights, both State and Federal."[127]  Plaintiff uses various phrases alluding to causation, but fails to show that the policies or practices he claims were lacking were the moving force behind the alleged violations. Plaintiff's mere recitations of the causation element are insufficient to adequately plead the second element of a *Monell* claim.

Lastly, a *Monell* claim must show that "the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences."[128]  This standard can be "satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm."[129]  Plaintiff claims that Morgan County's failure to adopt policies "demonstrated a deliberate and reckless indifference to the safety, health, well-being and the very lives of the residents of Morgan County…."[130] In making this conclusory assertion, Plaintiff primarily relies on the

---

[125] *Schnieder*, 717 F.3d at 770 (internal quotations omitted).
[126] Docket No. 23, at ¶ 236.
[127] *Id.* at ¶ 143.
[128] *Schnieder*, 717 F.3d at 770 (quoting *Bd. of Cty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997)).
[129] *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)).
[130] Docket No. 23, at ¶ 235.

"foreseeability" that officers and state prosecutors will perform certain official duties.[131]

However, deliberate indifference cannot be shown through mere foreseeability, but

rather, requires a showing of substantial certainty. Aside from merely reciting the phrase

"deliberate and reckless indifference," Plaintiff fails to show that Morgan County was

actually on notice that its polices or procedures were lacking such that constitutional

violations were substantially certain to result. Plaintiff has thus failed to plead the third

element of a *Monell* claim. For these reasons, Plaintiff's *Monell* claim is inadequately

pled and should be dismissed.

## V. PLAINTIFF'S SEVENTH CAUSE OF ACTION AGAINST MORGAN COUNTY DEFENDANTS FAILS TO STATE A CLAIM.

Plaintiff's Seventh Cause of Action alleges all Defendants committed violations of Utah

Constitutional provisions found in Article I, sections 1, 7, 8, 9, 11, 12, 13, 14, and 25.[132] Claims

for monetary damages under the Utah Constitution are only permitted in certain

circumstances.[133] First, the provision violated must be self-executing.[134] When the

constitutional provision is self-executing, the plaintiff must then establish (1) that "the plaintiff

suffered a flagrant violation of his or her constitutional rights; (2) existing remedies do not

redress his or her injuries; and (3) equitable relief, such as an injunction, was and is wholly

inadequate to protect the plaintiff's rights or redress his or her injuries."[135] Here, all of

Plaintiff's state constitutional claims are also encompassed by his federal claims, and therefore

can be addressed through those existing remedies.

---

[131] *See id.* at ¶¶ 224–226.
[132] *See generally* Docket No. 23, at ¶¶ 250–70.
[133] *See Intermountain Sports, Inc. v. Dept. of Transportation*, 2004 UT App 405, ¶ 16, 103 P.3d 716.
[134] *Jensen ex rel. Jensen v. Cunningham*, 2011 UT 17, ¶ 48, 250 P.3d 465.
[135] *Id.*

SLC_2440197.1

### a. Article I, section 25 is not self-executing.

Article I, section 25 of the Utah Constitution states "[t]his enumeration of rights shall not be construed to impair or deny others retained by the people."[136]  This Court has determined that Section 25 is not self-executing.[137]  Therefore, at the very least, Plaintiff cannot pursue a claim for monetary damages under this section of the Utah constitution.

### b. Existing remedies redress Plaintiff's injuries for his claims under Article I, sections 1, 7, 8, 9, 11, 12, 13, and 14.

Even if the remaining sections are self-executing, Plaintiff has failed to meet the elements of a constitutional tort claim under Utah law.  Plaintiff has failed to show that he "suffered a flagrant violation of his . . . constitutional rights."[138]  To meet this element, "a defendant must have violated 'clearly established' constitutional rights 'of which a reasonable person would have known.'"[139]  "The requirement that the unconstitutional conduct be 'flagrant' ensures that a government employee is allowed the ordinary 'human frailties of forgetfulness, distractibility, or misjudgment without rendering [him or her]self liable for a constitutional violation.'"[140]  Plaintiff has failed to show any flagrant violation of a clearly established constitutional right, and has instead, at most, alleged acts of misjudgment by individual officers.

With respect to the "existing remedies" element, Utah federal district courts have found that this element is not met when the face of the plaintiff's state constitutional claims are fully

---

[136] Utah Const. art. I sec. 25.
[137] *P.J. ex rel. Jensen v. Utah*, 2:05-cv-739-PGC, 2006 WL 1702585, *14 (D. Utah June 16, 2006).
[138] *Jensen*, 2011 UT 17, at ¶ 48.
[139] *Spackman ex rel. Spackman v. Bd. of Educ. of Box Elder Cnty. Sch. Dist.*, 2000 UT 87, ¶ 23, 16 P.3d 533, 538 (citations omitted).
[140] *Id.* (citations omitted).

encompassed and redressed by the plaintiff's § 1983 claims.[141]  What is required to state a claim for damages under the Utah Constitution is to show that "§ 1983 *fails to fully redress [the plaintiff's] injuries*."[142] Each of the factual allegations Plaintiff has made to support his constitutional claims are also the basis for his § 1983 claims arising from his questioning, arrest, confinement, and prosecution.[143] Therefore, because § 1983 already provides possible redress for Plaintiff's alleged injuries, his state constitutional claims under Article I, sections 1, 7, 8, 9, 11, 12, 13, and 14 must be dismissed for failure to state a claim.

## CONCLUSION

For these reasons, this Court should dismiss these causes of action with prejudice.

DATED this 6th day of December, 2016.

**DURHAM JONES & PINEGAR, P.C.**

/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
ATTORNEYS FOR DEFENDANTS

---

[141] *See Cavanaugh v. Woods Cross City*, 2009 WL 4981591, *6 (D. Utah 2009) (citing *Spackman ex rel. Spackman v. Bd. Of Educ.*, 16 P.3d 533, 537-39 (Utah 2000)) (dismissing claims for violations of Utah Constitution Article I, sections 7, 9, and 14); *Hoggan v. Wasatch County*, 2011 WL 3240510, *2 (D. Utah 2011) (same).
[142] *Hoggan*, at *2 (emphasis added); *Cavanaugh*, at *6 n.8.
[143] *See* Docket No. 23, at ¶ 252 (Art. I, § 1), ¶ 253 (Art. I, § 7), ¶ 254 (Art. I, § 8), ¶ 256 (Art. I, § 9), ¶ 259 (Art. I, § 11), ¶ 261 (Art I., § 12), ¶ 262 (Art. I, § 13), ¶ 264 (Art. I, § 14).

25

SLC_2440197.1

**CERTIFICATE OF SERVICE**

I certify that I served a copy of **RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFF'S FIRST, SECOND, THIRD, FOURTH, AND SEVENTH CAUSES OF ACTION** was served this 6th day of December, 2016, via **U.S. Mail** upon the following people.  I declare under criminal penalty of Utah Code Section 78B-5-705 that this Certificate of Service is true and correct.

Scott Gollaher (71221)
Utah State Prison
PO Box 250
Draper, UT  84020


/s/ Sarah Peck
Assistant

SLC_2440197.1