R. Blake Hamilton (Utah Bar No. 11395)
bhamilton@djplaw.com
Ashley M. Gregson (Utah Bar No. 13716)
agregson@djplaw.com
**DURHAM JONES & PINEGAR, P.C.**
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT  84110-4050
Telephone: (801) 415-3000
Facsimile: (801) 415-3500

ATTORNEYS FOR DEFENDANTS

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SCOTT LOGAN GOLLAHER,<br><br>                  Plaintiff,<br><br>vs.<br><br>MORGAN COUNTY, a political subdivision of the State of Utah, WILLIAM Z. WENTLAND, JEFFREY SCOTT ROSS, JANN L. FARRIS, and JOHN DOE.<br><br>                  Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE IMMATERIAL, IMPERTINENT AND SCANDALOUS STATEMENTS FROM PLAINTIFF'S SECOND AMENDED COMPLAINT**<br>**and**<br>**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE**<br><br><br>Civil No. 2:15cv00133-TS<br>Judge Ted Stewart |

Defendants Morgan County, William Z. Wentland ("Wentland") and Jann L. Farris (collectively, "Morgan County Defendants") hereby submit this Reply Memorandum in further Support of their Motion to Strike Immaterial, Impertinent, and Scandalous Statements from Plaintiff's Second Amended Complaint [D.E. 26] and Memorandum in Opposition to Plaintiff's

Motion to Strike [D.E. 28].  For the reasons set forth below, this Court should grant Morgan County Defendants' Motion and strike paragraphs 145-148 and 232-233 from the Second Amended Complaint [D.E. 23], and deny Plaintiff's Motion to Strike Defendants' Motion.

## ARGUMENT

### I.      PLAINTIFF'S MOTION TO STRIKE IS REDUNDANT.

The only reason Plaintiff gives to support his motion to strike Morgan County Defendants' Motion is that it is untimely.  The appropriate remedy for a non-movant against an untimely motion is denial of the motion, not striking the motion.  Plaintiff gives no reason why the Motion must be stricken instead of simply denied.  Therefore, regardless of the Court's decision with respect to striking paragraphs in the Complaint, this Court should deny Plaintiff's Motion to Strike [D.E. 28].

### II.     THIS COURT MAY STRIKE PARAGRAPHS FROM THE COMPLAINT REGARDLESS OF THE TIMING OF DEFENDANTS' MOTION.

Plaintiff correctly notes that Rule 12(f)(2) of the Federal Rules of Civil Procedure provides that a court may act on a motion to strike portions of pleadings "made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  Morgan County Defendants acknowledge that they have already filed an Answer to the Second Amended Complaint.  However, this fact does not prohibit the Court from taking action to address "any redundant, immaterial, impertinent, or scandalous" matters in the complaint "on its own."  Fed. R. Civ. P. 12(f)(1).  Untimeliness is not fatal to a Rule 12(f) Motion. *Balon v. Enhanced Recovery Company, Inc.*, 316 F.R.D. 96, 99 (M.D.Pa. 2016) (granting an untimely Motion to Strike because the Court found striking was warranted on the

2

merits).  The Court may still consider and grant untimely motions to strike if they are

appropriate, and therefore "the time limitations set out in Rule 12(f) should not be applied strictly

when the motion to strike seems to have merit."  5C Charles Alan Wright & Arthur Miller,

Federal Practice and Procedure, § 1380 (3d Ed. 2004)).  For the reasons set forth below, Morgan

County Defendants' Motion to Strike has merit and should not be denied as untimely but rather

considered, and granted.

### III.     PARAGRAPHS 145-148 AND 232-233 MUST BE STRICKEN.

The claims brought in Plaintiff's Second Amended Complaint all arise out of the search

of his home and his arrest and prosecution for charges related to sexual exploitation of a minor.

Plaintiff alleges that his home was searched without probable cause, that he was arrested without

probable cause, that he was improperly questioned after invoking his Fifth Amendment rights,

that he was unconstitutionally prosecuted, and that Morgan County failed to maintain sufficient

policies and training to prevent such violations.

Paragraphs 145-148 and 232-233 allege that Defendant Wentland failed a drug test, that

as a result he later retired or resigned, and that Morgan County officials attempted to hide these

facts.  These allegations are entirely unrelated to Plaintiff's causes of action.  Plaintiff's response

argues that these facts are relevant because he claims – for  the first time— that Wentland was

impaired during the time period in question, causing Wentland to violate Plaintiff's

constitutional rights.  Even though the Second Amended Complaint only alleges one failed drug

test, Plaintiff argues in response to Morgan County Defendants' Motion that Wentland had a

long history of drug use which coincided with the dates relevant to his complaint.  However,

Plaintiff can point to no factual support for this argument, and indeed, the Second Amended

3

Complaint is devoid of any facts to support such a conclusion. The Second Amended Complaint does not allege that Wentland was using drugs on the night of Plaintiff's arrest, nor does it allege that drug use on his part, if any, somehow made him unable to determine the existence of probable cause or to swear to probable cause in an affidavit. The Complaint merely mentions the failed drug test and the subsequent retirement. This, without more, is not relevant to the claims in the Second Amended Complaint. Furthermore, Plaintiff's response fails to offer any explanation for how allegations of Wentland's drug test and an alleged cover-up on the part of County officials are somehow relevant to his *Monell* claim. In the Second Amended Complaint *Monell* claim does not even attempt to plead a custom of allowing officers to engage in illicit drug use, nor any other type of municipal policy that would relate to such claims.

Plaintiff is attempting to make these allegations relevant after the fact because he failed to plead them in a manner that connected them to the actual claims stated in the Second Amended Complaint. Unless Plaintiff can assert well-pleaded facts, in good faith, to show that Wentland in fact suffered from some type of drug-induced impairment when working on Plaintiff's case, and that the County indeed covered up Wentland's alleged drug use as part of a pattern of doing so for other officers, such facts have no place in the pleadings of this case. Plaintiff did not plead such facts in his Second Amended Complaint, nor did he reference any evidentiary support for them when he first raised them in response to Morgan County Defendants' Motion, indicating that no such support exists.

Regardless of whether Plaintiff believes these allegations to be accurate, they are not material to Plaintiff's claims as currently pled, and therefore could only have been meant to harass and embarrass Defendants rather than support the elements of Plaintiff's claims. Such

4

baseless and irrelevant allegations are prejudicial to the Morgan County Defendants as they needlessly impugn their character in public documents and confuse the issues for the trier of fact. For these reasons, the Court should strike these paragraphs from the Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, Morgan County Defendants respectfully request that this Court strike paragraphs 145, 146, 147, 148, 232, and 233 of Plaintiff's Second Amended Complaint.

DATED this 27th day of December, 2016.

DURHAM JONES & PINEGAR, P.C.


/s/ R. Blake Hamilton
R. Blake Hamilton
Ashley M. Gregson
ATTORNEYS FOR DEFENDANTS

5

**CERTIFICATE OF SERVICE**

I certify that I served a copy of the foregoing was served this 27th of December, 2016,

via **U.S. Mail** upon the following people.  I declare under criminal penalty of Utah Code Section

78B-5-705 that this Certificate of Service is true and correct.

Scott Gollaher (#71221)
Utah State Prison
PO Box 250
Draper, UT  84020


/s/ Sarah Peck
Assistant

6