Mark E. Hindley (7222)
mark.hindley@stoel.com
Jordan C. Bledsoe (15545)
jordan.bledsoe@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131
Facsimile: (801) 578-6999

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SCOTT LOGAN GOLLAHER, an individual,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAM Z. WENTLAND, an individual,<br><br>　　　　　　Defendant. | **THIRD AMENDED COMPLAINT**<br><br>Case No.: 2:15-cv-00133 TS<br><br>The Honorable Judge Ted Stewart |

1

Plaintiff Scott Logan Gollaher, through pro bono counsel that has been appointed by the Court for the limited purpose of preparing this Third Amended Complaint, hereby complains against William Z. Wentland.  The allegations herein are based upon publicly available documents, private court documents, and Mr. Gollaher's personal knowledge.

## PARTIES

1. Plaintiff Scott Logan Gollaher is a resident of Salt Lake County, Utah, and is currently an inmate at the Utah State Prison in Draper, Utah.

2. Defendant William Z. Wentland ("Detective Wentland") was at all times relevant herein a detective with the Morgan County Sherriff's Office. Detective Wentland was acting under color of state law and in the course and scope of his employment as a law enforcement officer at all times material herein. Mr. Gollaher is suing Detective Wentland in his individual capacity.

## JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States, including Article II, Section I of the United States Constitution and is brought pursuant to 42 U.S.C. § 1983.  Accordingly, this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

4. Detective Wentland is subject to the Court's personal jurisdiction because he resides in Utah and committed acts that violated Mr. Gollaher's constitutional rights in Utah.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Detective Wentland resides in Utah, Detective Wentland's acts that violated Mr. Gollaher's constitutional rights occurred in Utah, and Detective Wentland is subject to the Court's personal jurisdiction.

## FACTUAL ALLEGATIONS

**Detective Wentland Seeks Authorization for Warrants to Search Property in Morgan County and Mr. Gollaher's Residence.**

6. On July 11, 2012, Detective Wentland appeared before the Honorable Noel S. Hyde of the Second District Court in and for Morgan County, State of Utah, seeking authorization for two search warrants (together, the "Search Warrants").

7. The first warrant sought authorization to search Mr. Gollaher's residence located in Salt Lake County. The second warrant sought authorization to search a property located in Morgan County (the "Morgan Property") that Detective Wentland claimed, incorrectly, was owned by Mr. Gollaher. The Search Warrants are attached as Exhibit A.

3

8.      Detective Wentland submitted an affidavit ("Affidavit") setting forth the probable cause for the Search Warrants.  The Affidavit is attached as Exhibit B.

**Detective Wentland Omits Material Information from and Makes False Representations in His Affidavit.**

9.      Detective Wentland alleged in his Affidavit that probable cause existed to issue the Search Warrants based on the following:

> [A]n eleven year old female victim disclosed that Gollaher had taken pictures of her while she was clad in her underwear. Gollaher took the pictures with his personal cell phone on Saturday, 2 June 2012. This cell phone and Gollaher's related electronic instruments and stored memory need to be secured and forensically examined in order to determine if evidence exists to cooberate [sic] the victim's disclosure.

*Id.*, Ex. B.

10.     Detective Wentland testified in the Affidavit that the pictures of the 11-year-old girl were taken at the Morgan Property.  *See id.*  Detective Wentland also testified in the Affidavit that Mr. Gollaher owned the Morgan Property and, as a convicted sex offender, failed to report the Morgan Property as a secondary address, which is a felony under Utah law.  *See id.*

11.     On information and belief, Detective Wentland omitted material facts from the Affidavit that were relevant to whether probable cause existed. Specifically, Detective Wentland knowingly and intentionally failed to disclose to the judge the circumstances under which Mr. Gollaher allegedly took pictures of

the 11-year-old female, the non-sexually explicit nature of the pictures that were allegedly taken, and the initial investigative report that did not include any allegations that Mr. Gollaher had taken pictures.

12. On information and belief, the pictures referenced in the Affidavit were alleged to have been taken in or around June 2, 2012 when four youths (one boy and three girls) accompanied Mr. Gollaher to the Woods Creek Reservoir near the Morgan Property.  On information and belief, while at the reservoir, the boy removed his shirt, one girl took off her shirt, and a second girl took off her shirt and shorts to swim in the reservoir.  The third girl did not swim in the reservoir or remove any of her clothing.  On information and belief, according to one of the girls, Mr. Gollaher allegedly took a picture of one of the girls with his cell phone while the youths were wading and swimming in the reservoir.[1]  A second girl alleged that Mr. Gollaher took pictures with his cell phone while two of the girls were swimming.

13. This information was omitted from Detective Wentland's Affidavit.

14. On information and belief, Deputy Joseph Rohbock ("Deputy Rohbock") of the Morgan County Sheriff's Office conducted an initial investigation on or around June 17, 2012 into the alleged events at the Woods

---

[1] Mr. Gollaher denies he took any pictures.

5

Creek Reservoir involving Mr. Gollaher and the fourth youths. Deputy Rohbock prepared a report with findings from his investigation. The report did not contain any reference to Mr. Gollaher taking pictures of the youths at the reservoir. Rather, the report stated that Mr. Gollaher "just stood there and watched" while the youths swam in the reservoir.

15. On information and belief, Deputy Rohbock's report was provided to Detective Wentland prior to Detective Wentland's submission of his Affidavit.

16. On information and belief, the allegations that Mr. Gollaher had taken pictures of the youths while they were wading and swimming in the reservoir arose only after Detective Wentland suggested to one of the youths' aunts that Mr. Gollaher may have taken pictures of the youths while at the reservoir.

17. On information and belief, the aunt then reported to the youth and her mother that Mr. Gollaher might have been taking pictures of the youths at the reservoir, which resulted in two of the youths alleging that Mr. Gollaher had taken pictures of them while wading and swimming in the reservoir.

18. On information and belief, Detective Wentland knowingly and intentionally omitted from his Affidavit that the pictures allegedly taken by Mr. Gollaher were of youths wading and swimming in the reservoir and thus not sexually explicit, that Deputy Rohbock's report made no mention of Mr. Gollaher

6

taking pictures of the youths, and that the allegations that Mr. Gollaher had taken pictures of the youths arose only after Detective Wentland suggested pictures were taken.

19. On information and belief, Detective Wentland omitted this information from his Affidavit because believed including this information would have vitiated probable cause for the Search Warrants.

20. On information and belief, Detective Wentland also made false representations in his Affidavit. Specifically, Detective Wentland knowingly misrepresented in his Affidavit that Mr. Gollaher owned the Morgan Property and failed to report his ownership of the Morgan Property as a convicted sex offender, which is a felony under Utah law.

21. On information and belief, at the time of this representation, Detective Wentland knew Mr. Gollaher was the registered agent for the entity that owned the Morgan Property (i.e., Woods Creek Ranch, LLC) but did not have an ownership interest in the Morgan Property.

22. On information and belief, Detective Wentland knowingly and intentionally misrepresented in his Affidavit that Mr. Gollaher owned the Morgan Property and failed to report the Morgan Property as a secondary address in violation of Utah law to bolster probable cause for the Search Warrants.

98953857.12 0204718-00001

23. On information and belief, Detective Wentland's conduct in procuring a warrant to search Mr. Gollaher's home through material misrepresentations and omissions was done maliciously, willfully, or with reckless disregard for Mr. Gollaher's constitutional rights.

**Judge Hyde Issues the Search Warrants Based on Detective Wentland's Affidavit.**

24. On July 12, 2012, Judge Hyde issued the Search Warrants based on the information Detective Wentland presented in his Affidavit.

25. On information and belief, Judge Hyde would not have found probable cause to issue the Search Warrants if he had been informed by Detective Wentland that Deputy Rohbock's report did not contain any allegations that Mr. Gollaher had taken pictures of the youths at the reservoir, that Deputy Rohbock's report stated Mr. Gollaher "just stood there and watched" while the youths were swimming, that the alleged pictures were of the youths swimming and wading in the reservoir and thus not sexually explicit, that the allegations that Mr. Gollaher had taken pictures of the youths arose only after Detective Wentland suggested pictures were taken, and that Mr. Gollaher did not own the Morgan Property and thus had not committed a felony by failing to report his ownership of the Morgan Property.

**Detective Wentland and Others Execute the Search Warrants.**

26.  On information and belief, Detective Wentland and various other individuals executed the Search Warrants on July 13, 2012.  The Salt Lake City Police Department and FBI assisted Detective Wentland in searching Mr. Gollaher's home.

27.  On information and belief, Sargent Scott Peay and personnel from the Morgan County Sheriff's Office, Ogden Police Department, Riverdale Police Department, and Weber/Morgan Metro CSI Unit searched the Morgan Property.

28.  Detective Wentland and others executing the warrants seized several computers and other "digital media" located at Mr. Gollaher's Salt Lake City residence.

**Mr. Gollaher Is Arrested Without Proof of Wrongdoing.**

29.  On information and belief, after several hours of unauthorized searching of electronic digital media at the residence, Detective Wentland arrested Mr. Gollaher on 10 counts of child pornography and one count of sodomy on a child and had him transported him to the Weber County Jail in Weber County.

30.  On information and belief, at the time Detective Wentland arrested Mr. Gollaher, no evidence had been found at Mr. Gollaher's residence or the

9

Morgan Property that would have provided probable cause to believe Mr. Gollaher had committed acts of sodomy on a child or sexual exploitation of a minor.

**The Charges Against Mr. Gollaher Are Dismissed Due to Lack of Evidence.**

31.    On information and belief, on February 28, 2013, after Mr. Gollaher had been incarcerated for approximately 230 days, the Morgan County prosecuting attorney appeared before Judge Hyde and moved to dismiss the 10 counts of sexual exploitation of a minor and one count of sodomy upon a child.

32.    On information and belief, the charges against Mr. Gollaher were dismissed because no evidence existed to convict him of the crimes for which he had been charged.

## FIRST CAUSE OF ACTION
**Unlawful Search and Seizure in Violation of 42 U.S.C. § 1983**

33.    Mr. Gollaher hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

34.    Detective Wentland acted under color of Utah state law when he submitted the Affidavit to Judge Hyde that contained material omissions and false representations to obtain the Search Warrants.

35.    On information and belief, Detective Wentland knew at the time he submitted the Affidavit in support of the Search Warrants for Mr. Gollaher's residence and the Morgan Property that Deputy Rohbock's report did not contain

any allegations that Mr. Gollaher had taken pictures of the youths at the reservoir, that Deputy Rohbock's report stated Mr. Gollaher "just stood there and watched" while the youths were wading and swimming, that the alleged pictures were of the youths swimming in the reservoir and thus not sexually explicit, that the allegations that Mr. Gollaher had taken pictures of the youths arose only after Detective Wentland suggested pictures were taken, and that Mr. Gollaher did not own the Morgan Property and thus had not committed a felony by failing to report his ownership of the Morgan Property.

36. On information and belief, Detective Wentland knowingly, or with reckless disregard for the truth, omitted this material information from and made false representations in his Affidavit that he submitted to Judge Hyde, knowing that including the material information in and omitting his false representations from the Affidavit would have vitiated probable cause for the Search Warrants.

37. On information and belief, Judge Hyde would not have found probable cause to issue the Search Warrants absent Detective Wentland's material omissions and false representations.

38. On information and belief, the search of Mr. Gollaher's home without probable cause deprived him of rights and privileges secured and protected by the

Constitution and laws of the United States. Such deprivation was in violation of 42 U.S.C. § 1983.

39. On information and belief, Detective Wentland's conduct violated a clearly established federal constitutional right of which a reasonable person would have known.

40. Detective Wentland's violation of Mr. Gollaher's constitutional rights caused Mr. Gollaher to suffer damages in an amount to be proven at trial. In addition to compensatory, consequential, and special damages, Mr. Gollaher is entitled to punitive damages against Detective Wentland under 42 U.S.C. § 1983 because Detective Wentland's actions as described herein were taken maliciously, willfully, or with reckless disregard for Mr. Gollaher's constitutional rights.

## SECOND CAUSE OF ACTION
## Unlawful Arrest in Violation of 42 U.S.C. § 1983

41. Mr. Gollaher hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

42. On July 13, 2012, Detective Wentland and various other individuals executed the Search Warrants. Detective Wentland and others executing the Search Warrants seized several computers and other "digital media" located at Mr. Gollaher's Salt Lake City residence.

43. Thereafter, Detective Wentland arrested Mr. Gollaher and transported him to the Weber County Jail in Weber County.

44. On information and belief, at the time Detective Wentland arrested Mr. Gollaher, no evidence had been found at Mr. Gollaher's residence or the Morgan Property that would have provided probable cause to believe Mr. Gollaher had committed acts of sodomy on a child or sexual exploitation of a minor.

45. On information and belief, the arrest and continuing detention of Mr. Gollaher without probable cause deprived him of rights and privileges secured and protected by the Constitution and laws of the United States. Such deprivation was in violation of 42 U.S.C. § 1983.

46. On information and belief, Detective Wentland's conduct violated a clearly established federal constitutional right of which a reasonable person would have known.

47. Detective Wentland's violation of Mr. Gollaher's constitutional rights caused Mr. Gollaher to suffer damages in an amount to be proven at trial. In addition to compensatory, consequential, and special damages, Mr. Gollaher is entitled to punitive damages against Detective Wentland under 42 U.S.C. § 1983 because Detective Wentland's actions as described herein were taken maliciously, willfully, or with reckless disregard for Mr. Gollaher's constitutional rights.

98953857.12 0204718-00001

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A. For general compensatory damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other claims allowed by law in an amount to be fully determined at trial;

B. For economic losses on all claims allowed by law;

C. For special damages in an amount to be determined at trial;

D. For punitive damages against Defendant as may be allowed by law;

E. For pre-judgment interest on the damages assessed by the verdict of the jury, as allowed by law;

F. For Plaintiff's costs and reasonable attorneys' fees as may be allowed by law under 42 U.S.C. § 1985; and

G. For such other relief as the Court may deem just and proper.

DATED: March 8, 2019.

                        STOEL RIVES LLP

                        */s/ Jordan C. Bledsoe*
                        Mark E. Hindley
                        Jordan C. Bledsoe

                        *Attorneys for Plaintiff*

98953857.12 0204718-00001

## CERTIFICATE SERVICE

I hereby certify that on the 8th day of March 2019, I caused a true and correct copy of the foregoing to be served via CM/ECF on the following:

R. Blake Hamilton
bhamilton@djplaw.com
Ashley M. Gregson
agregson@djplaw.com
DURHAM JONES & PINEGAR, P.C.
111 E. Broadway, Suite 900
PO Box 4050
Salt Lake City, UT 84110-4050

                                                  */s/ Robin Noss*

98953857.12 0204718-00001