IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| Scott Logan Gollaher, <br><br> Plaintiff, <br><br> v. <br><br> William Z. Wentland, <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br><br> Civil No. 2:15-cv-00133-TS-CMR <br><br> District Judge Ted Stewart <br> Magistrate Judge Cecilia M. Romero |

Before the court is Defendant William Wentland's (Defendant or Wentland) sealed Motion for Judgment on the Pleadings (ECF 73 and the redacted version, ECF 78) referred to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(B) by Judge Ted Stewart (ECF 68, 69). Pursuant to Rule 7-1(f) of the Rules of Practice (Local Rules) for the United States District Court for the District of Utah, the court concludes that oral argument is not necessary and issues this Report and Recommendation on the basis of the written memoranda. After review of the relevant pleadings, the undersigned recommends the Defendant's Motion for Judgment on the Pleadings (ECF 73) be denied without prejudice.

I.     BACKGROUND

Plaintiff Scott Gollaher (Plaintiff or Gollaher) filed suit against Defendant pursuant to 42 U.S.C. § 1983 for Fourth Amendment violations arising from the execution of search warrants on Plaintiff's properties (ECF 65). The first warrant sought authorization to search Gollaher's Salt Lake County residence, and the second warrant sought authorization to search a property located in Morgan County (Morgan Property) (ECF 65 ¶ 7). Plaintiff alleges the affidavit

submitted by Wentland, which provided the probable cause to issue the warrants, contained material omissions (ECF 65). Specifically, Plaintiff claims Wentland "knowingly and intentionally failed to disclose to the judge the circumstances under which Mr. Gollaher allegedly took pictures of the 11-year-old female, the non-sexually explicit nature of the pictures that were allegedly taken, and the investigative report that did not include any allegations that Mr. Gollaher had taken pictures" (*Id*. ¶ 11). Important to this Motion, Gollaher specifically avers in that he "denies he took any pictures" (*Id*. ¶ 12 n.1). He also alleges that, relying on an investigation and corresponding report of Deputy Joseph Rohbock (Rohbock) (Rohbock Report), the affidavit should have included details like: (1) the report to Rohbock did not contain any reference to Plaintiff taking pictures but rather he "'just stood there and watched' while the youths swam in the reservoir" (*Id*. ¶ 14); (2) that the statements that Gollaher took pictures of the youths "arose only after Detective Wentland suggested pictures were taken" to one of the youth's aunts who then reported pictures were taken (*Id*. ¶¶ 16-17); and (3) the pictures taken "allegedly by Mr. Gollaher were of youths wading and swimming in the reservoir and thus not sexually explicit" (*Id*. ¶ 18) (hereinafter, Omitted Information). Gollaher also alleges it was a false representation to declare that "Mr. Gollaher owned the Morgan Property and failed to report his ownership of the Morgan Property as a convicted sex offender" (*Id*. ¶ 20) (hereinafter, False Information).

Plaintiff was arrested on ten counts of child pornography and one count of sodomy on a child and was transported to jail (*Id*. ¶ 29). These charges were eventually dismissed. *See State of Utah v. Gollaher*, Case. No. 121500028 (Second District, Morgan County, Utah). However, Plaintiff was ultimately convicted on four counts of aggravated sexual abuse of a child and is

currently incarcerated. *See State of Utah v. Gollaher*, Case. No. 121500023 (Second District, Morgan County, Utah).

Plaintiff filed this civil rights case against Wentland, a former employee of the Morgan County Sheriff's Office, for his role in the search and arrest related to the initial charges (ECF 65). Plaintiff alleges the judge who issued the search warrant, Utah Second District Judge Hyde, would not have found probable cause to issue the search warrants absent Wentland's Omitted and False Information (*Id*. at ¶ 37).

Nearly three years after filing his initial complaint on April 10, 2015 (ECF 4), and after filing a first and second amended complaint (ECF 6 & 23), Plaintiff was appointed *pro bono* counsel for the limited purpose of helping Plaintiff file a third amended complaint (ECF 55). On March 8, 2019, Plaintiff filed his Third Amended Complaint against Wentland (ECF 65). Morgan County and Jann L. Farris, who were named as defendants in Plaintiff's previous complaints (ECF 4, 6 & 23), were not named in Plaintiff's Third Amended Complaint and have been terminated as parties in this matter.

In response to Plaintiff's Third Amended Complaint (Complaint), on March 22, 2019, Defendant filed an Answer (ECF 67). After nearly nine months with no activity in the case, on December 11, 2019, the court issued an Order to Show Cause instructing Plaintiff to respond with the status of the case and his intentions to proceed (ECF 70). On December 26, 2019, Plaintiff filed a Response to Order to Show Cause indicating his incarceration and pending criminal appeals prohibited him from pursuing this matter, and requested the court set a discovery scheduling order (ECF 71). On January 28, 2020, Defendant filed the pending Motion for Judgment of the Pleadings (Motion) moving for dismissal based on Plaintiff's failure to

prosecute his case and asserting that Defendant is entitled to qualified immunity (ECF 73). Shortly after, on January 30, 2020, the court entered a Scheduling Order setting discovery deadlines (ECF 75). However, on June 17, 2020, the court stayed discovery in this matter pending resolution of the Motion (ECF 88).[1] In the Motion, Defendant reports "there has been no discovery in this case" (ECF 73 at 5).

In response to the Motion, Plaintiff filed a memorandum in opposition (Opposition) (ECF 81),[2] and declaration in support of his opposition (ECF 82). Defendant subsequently filed a reply in support of the Motion (Reply) (ECF 83). Each party filed respective notices to submit for decision (ECF 84, 85), and the matter is now ripe for decision.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Similar to a 12(b)(6), a motion for judgment on the pleadings should only be granted when "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012) (citation and internal quotation marks omitted).

A court considering a motion for judgment on the pleadings should accept "all well-pleaded factual allegations in the complaint, 'resolve all reasonable inferences in the plaintiff's favor, and ask whether it is plausible that the plaintiff is entitled to relief.'" *Woodie v. Berkshire*

---

[1] The court ordered discovery in this matter be stayed at a discovery dispute conference the court held on June 16, 2020 in a related matter. *See* Case No. 2:16-cv-01258-DN-CMR, ECF 68, for more detail.

[2] Defendant objects to the length of Plaintiff's Opposition. While Plaintiff never filed a motion for overlength reply as required under Local Rules 7-1(b)(2)(A) and 7-1(e), given Plaintiff's *pro se* status, the court accepts the overlength Opposition and reminds Plaintiff to conform to the rules going forward.

*Hathaway Homestate Ins. Co*., 806 Fed. App'x 658, 666 (10th Cir. March 31, 2020) (quoting *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013)); *see also Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000) (the court must view the facts presented in the pleadings and draw the inferences therefrom in the light most favorable to the nonmoving party). The court's function is "'not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'"  *Woodie*, 806 Fed. App'x. at 672 n.11 (quoting *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006)).

However, where, as here, a defendant asserts a qualified immunity defense in a Rule 12(c) motion, "'we apply a heightened pleading standard, requiring the complaint to contain 'specific, non-conclusory allegations of fact sufficient to allow the district court to determine that those facts, if proved, demonstrate that the actions taken were not objectively reasonable in light of clearly established law.'"  *Ramirez v. Dep't of Corr.*, 222 F.3d 1238, 1241 (10th Cir. 2000) (citations omitted).

In undertaking its analysis, the court is mindful that Plaintiff is acting pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant."  *Hall*, 935 F.2d at 1110.

## III.   DISCUSSION

### A.   Plaintiff adequately responded to the court's Order to Show Cause.

In his Motion, Defendant argues Plaintiff failed to provide an adequate response to explain why he could not prosecute his claim against Wentland, and his claims should therefore be dismissed (ECF 73).  In his response to the Order to Show Cause, Plaintiff alleges he was delayed in pursuing this matter because Morgan County failed to comply with a state records request (ECF 71).  Defendant asserts that Plaintiff's response was inappropriate and irrelevant as Morgan County is not a party to this action, and therefore, Plaintiff's claim should be dismissed for failure to prosecute.  The court is not persuaded by Defendant's contention.

Given Plaintiff's *pro se* status, the court issued the Order to Show Cause in an effort to engage with Plaintiff regarding the status of the case and his intention to proceed (ECF 70). Plaintiff submitted his response well within the time given and was proactive in requesting the court enter a scheduling order.  Shortly after receipt of Plaintiff's response, the court did in fact enter a limited scheduling order (ECF 75), but as represented by Defendant, no discovery has taken place in this matter.

While the court recognizes this case has been pending for over four years, the court was satisfied with Plaintiff's response when it issued the scheduling order.  The court will not dismiss this case merely because Defendant is not satisfied with Plaintiff's reasons for delay.

### B.   Qualified Immunity Analysis.

#### 1.   There is a dispute on exhibits which precludes the court's consideration of matters outside the pleadings.

In his Opposition, Plaintiff states that Defendant's Motion "cannot, […] be so limited to avoid being treated as a motion for summary judgment" because the exhibits attached to

Defendant's Motion "contai[n] fabrications, omissions, misstatements and extraneous reports irrelevant to this case" (ECF 81 at 34). This appears to be a request for the court to convert the Motion to one for summary judgment as well as a challenge to Defendant's exhibits—Police Report (ECF 73-1), Probable Cause Affidavits (ECF 73-2), Articles of Organization (ECF 73-3), and Request to Remove from LLC (73-4)—submitted with the Motion (hereinafter Motion Exhibits). None of the Motion Exhibits were attached as exhibits to the Complaint.[3] Plaintiff's declaration, while procedurally improper as the relief he requests should have been done through separate motions,[4] provides clarity that Plaintiff is in fact objecting to the Motion Exhibits and is asking the court for more time to conduct discovery. In his declaration, Plaintiff indicates he does not have all the records needed and he generally takes issue with the Motion Exhibits, specifically questioning exhibits A—the Police Report (ECF 73-1) and B—the Probable Cause Affidavits (ECF 78-2) (ECF 82 ¶ 17).

Given that the parties have not conducted any discovery, converting this Motion to one for summary judgment would not prove helpful, and the court declines to do so at this point.

With respect to the documents that Plaintiff objects to, the "'court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Normally, a court must convert a motion to dismiss into a motion for summary

---

[3] The only documents attached to the Complaint are Exhibits A (Search Warrant) and B (Search Warrant Affidavit) (ECF 65-1&2).
[4] *See* DUCivR 7-1(b)(1)(A) ("No motion . . . may be included in a response or reply memorandum. Such motions must be made in a separate document.").

judgment if matters outside the pleadings are presented and not excluded. *See* Fed. R. Civ. P. 12(b).

Plaintiff contests the authenticity, authority, and accuracy of the Motion Exhibits (ECF 81 at 6-10; ECF 82 at ¶¶ 17, 18, 19). Plaintiff claims the Probable Cause Affidavits will be exposed "to be of questionable validity" (ECF 82 ¶ 17) and seems to contest the veracity of the Police Report (ECF 82 ¶ 19). With respect to the Police Report, Defendant argues Plaintiff's objection is not material because Plaintiff discusses the Police Report in his Complaint when he refers to the Rohbock Report (ECF 65 ¶ 14). However, because Plaintiff did not include the Rohbock Report as an attachment to the Complaint, the court is unable to confirm if the Police Report and the Rohbock Report are one and the same. The case law is clear that where there is a dispute as to authenticity, the court cannot decide the issue in the context of a motion for judgment on the pleadings. *See Alvarado,* 493 F.3d at 1215. While it is conceivable that Plaintiff is playing a game of bait and switch, given that he does appear to reference this very document in the Complaint, the court is not able to resolve the discrepancy at present and therefore must exclude the Police Report in making its determination. The court need not address the remaining objections to the Motion Exhibits considering the recommendation below.

### 2. The Motion is procedurally premature in light of disputed issues of fact.

Defendant seeks dismissal on qualified immunity grounds. "Qualified immunity exists to protect government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964 (10th Cir. 2016) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1191 (10th Cir. 2010)). Once a defendant invokes qualified

immunity, the plaintiff bears the burden of demonstrating: "(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). "This is a heavy burden. The court may examine either part first "in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). If the plaintiff fails to satisfy either part of the inquiry, the court must grant qualified immunity." *Carabajal v. City of Cheyenne*, 847 F.3d 1203, 1208 (10th Cir. 2017).

### a. Disputes material facts preclude a ruling on the alleged constitutional violation.

Defendant maintains he is entitled to qualified immunity because Plaintiff has failed to state a claim for a Fourth Amendment violation related to the search of his property or his subsequent arrest as both were supported by probable cause (ECF 78). In making this determination, the court first considers whether the facts, taken in the light most favorable to plaintiff, show that Defendant's conduct violated plaintiff's Fourth Amendment rights. *See Brosseau v. Haugen,* 543 U.S. 194, 197 (2004) (per curiam).

"The Fourth Amendment prohibition against unreasonable search and seizure is implicated when there is some meaningful interference with an individual's possessory interests in ... property." *Marcus v. McCollum,* 394 F.3d 813, 818 (10th Cir. 2004) (quotation omitted). An officer violates a plaintiff's Fourth Amendment right by knowingly or recklessly making a false statement in an affidavit in support of a search warrant if the false statement was material to the finding of probable cause. *Franks v. Delaware,* 438 U.S. 154, 155–56 (1978); *Bruning v. Pixler,* 949 F.2d 352, 357 (10th Cir. 1991). Furthermore, a plaintiff's Fourth Amendment rights are violated when an affiant knowingly or recklessly omits from an affidavit information which,

if included, would have vitiated probable cause. *Stewart v. Donges,* 915 F.2d 572, 582–83 (10th Cir. 1990).

There are inconsistencies between the allegations in the Opposition and the Complaint that preclude the court from making this determination. As noted above, one inconsistency is Plaintiff's reference to the Police Report in the body of the Complaint, but in the Opposition challenges its veracity. Also concerning are the allegations in the Complaint that Plaintiff "denies he took any pictures" (ECF 65 ¶ 12 n.1), and then in the same paragraph, Plaintiff appears to reference pictures that were taken and perhaps by him (on "information and belief, the pictures referenced in the Affidavit were alleged to have been taken . . .) (*Id.* 65 ¶ 12), but frankly, it is unclear. Adding further to the confusion is Plaintiff's concession in his Opposition that pictures were taken, but not of a minor "clad in her underwear" (ECF 81 at 20 & 31). Defendant argues that this is a new allegation which the court can disregard because only the Complaint is operative (ECF 83 at 6–7). However, in looking at the Complaint, it is not clear whether this was plead. It is conceivable that this allegation was not plead because, as Defendant argues, the Complaint does not specifically say those words, yet in reviewing the Complaint, Plaintiff does say multiple times that the affidavit should have explained the pictures were not "sexually explicit" (ECF 65 ¶ 18).

Under the *Franks* analysis, the court would need to determine whether the Omitted or False Information were material or immaterial to determine whether Plaintiff has plausibly alleged that a Fourth Amendment violation occurred. To do that, at the very least, the court needs to know whether or not Plaintiff is alleging that he took pictures. It would also seem prudent to understand what pictures formed the basis of the affidavit submitted in support of the

warrants, as it is unclear if there is one set of pictures taken at a single time or pictures taken at different times. To resolve just this issue would require the court to compare the Police Report to the allegations in the Complaint and the Opposition, which, as explained above, would require the court to weigh evidence. Because this is a motion for judgment on the pleadings, the court cannot weigh evidence, and can only look to allegations in the body of the Complaint. *See Woodie*, 806 Fed. App'x. at 672 n.11 (quoting *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006) (the court's function is "'not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.'"). Indeed, the court may not consider any allegations in the Opposition that are inconsistent with the operative complaint.

      The court is mindful that much confusion stems from inconsistencies in the Complaint and that many of the allegations set forth therein are "upon information and belief," which further confuses things. However, these are points of clarification that could be resolved through additional discovery, such as deposition testimony. At this stage in the litigation, the court cannot determine whether Defendant violated Plaintiff's Fourth Amendment rights based on the Complaint alone, the therefore cannot grant the Motion. While Defendant may be entitled to qualified immunity, the present motion is premature. The court requires clarity on which documents are operative, if there is any dispute concerning those documents, and if there is a concession or clarification that Plaintiff did in fact take pictures. The court also struggles to understand the timeline of the Motion Exhibits, which both parties failed to provide any clarity on. Given that the court previously stayed litigation to allow a ruling on this Motion, the court will lift the stay and **schedules a status conference on September 25, 2020 at 3:30 p.m.,** to

determine if it is appropriate to conduct limited and narrow discovery on the issues outlined above and to reopen the dispositive motion deadline.  The court is mindful that Plaintiff has had more than ample time to conduct discovery but given that application of qualified immunity could be dispositive, the court will allow limited discovery to evaluate only this issue.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends the court DENY Defendant's Motion for Judgment on the Pleadings (ECF 73).

## NOTICE

Copies of the foregoing Report and Recommendation are being sent to all parties who are hereby notified of their right to object.  Within fourteen (14) days of being served with a copy, any party may serve and file written objections.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 19 August 2020.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah