IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| SCOTT LOGAN GOLLAHER,<br><br>              Plaintiff,<br><br>v.<br><br>WILLIAM Z. WENTLAND,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br>Case No. 2:15-CV-133 TS-CMR<br><br>District Judge Ted Stewart |

This matter is before the Court on a Report and Recommendation from the Magistrate Judge and Defendant's Objection thereto. The Magistrate Judge recommends the Court deny Defendant's Motion for Judgment on the Pleadings without prejudice. Defendant objects, arguing that the Motion should be granted. For the reasons discussed below, the Court will affirm the Objection, reject the Report and Recommendation, and grant Defendant's Motion for Judgment on the Pleadings.

I.  BACKGROUND

The following facts are taken from Plaintiff's Third Amended Complaint and are assumed to be true for purposes of Defendant's Motion for Judgment on the Pleadings.

Plaintiff is currently an inmate at the Utah State Prison. Defendant was at all relevant times a detective with the Morgan County Sherriff's Office. Plaintiff brings suit against Defendant based on his participation in obtaining and executing search warrants on Plaintiff's residence in Salt Lake City and property located in Morgan County, Utah (the "Morgan Property"), and Plaintiff's eventual arrest.

1

Defendant prepared an affidavit in support of the search warrants that were ultimately issued.  The affidavit is attached to Plaintiff's Third Amended Complaint and has been considered by the Court.[1]  In the affidavit, Defendant stated that Plaintiff was a convicted sex offender who failed to report a secondary address—the Morgan Property—where the crimes allegedly occurred.  Defendant went on to state that an eleven-year-old female victim disclosed that Plaintiff had taken pictures of her with his cell phone while she was clad in her underwear.  Defendant stated that Plaintiff's cell phone and related electronic devices needed to be secured and examined to determine whether evidence existed to corroborate the victim's statements.  Defendant stated that Plaintiff's primary residence was in Salt Lake City but that he used the Morgan Property for recreation on the weekends.  State Court Judge Noel S. Hyde authorized search warrants for Plaintiff's residence and the Morgan Property to search for and seize various electronic devices.

Plaintiff alleges that Defendant omitted material facts from the affidavit.  Specifically, Defendant failed to disclose "the circumstances under which Mr. Gollaher allegedly took pictures of the 11-year-old female, the non-sexually explicit nature of the pictures that were allegedly taken, and the initial investigative report that did not include any allegations that Mr. Gollaher had taken pictures."[2]

While Plaintiff denies he took any pictures, his Third Amended Complaint asserts that the pictures referenced in the affidavit were allegedly taken when four youths accompanied Plaintiff to a reservoir near the Morgan Property.  While at the reservoir, some of the youths removed

---

[1] Docket No. 65-2.

[2] Docket No. 65 ¶ 11.

portions of their clothing.  The Third Amended Complaint alleges that "the boy removed his shirt, one girl took off her shirt, and a second girl took off her shirt and shorts to swim in the reservoir.  The third girl did not swim in the reservoir or remove any of her clothing."[3]  The Complaint goes on to allege that "according to one of the girls, Mr. Gollaher allegedly took a picture of one of the girls with his cell phone while the youths were wading and swimming in the reservoir.  A second girl alleged that Mr. Gollaher took pictures with his cell phone while two of the girls were swimming."[4]

Plaintiff alleges that the initial report of the incident did not include reference to him taking pictures.  "Rather, the report stated that Mr. Gollaher 'just stood there and watched' while the youths swam in the reservoir."[5]  Plaintiff asserts that the allegations of him taking pictures arose only after Defendant suggested it to one of the youths' aunts.  This resulted in two of the youths alleging that Plaintiff had taken pictures of them while wading and swimming in the reservoir.[6]  Plaintiff further alleges that the pictures allegedly taken were not sexually explicit.  Plaintiff asserts that this information was omitted from the affidavit because Defendant believed including it would have vitiated probable cause for the search warrants.

In addition, Plaintiff alleges that Defendant made false representations in his affidavit.  Specifically, Plaintiff alleges that Defendant knowingly misrepresented that Plaintiff owned the Morgan Property and failed to report his ownership as a convicted sex offender.  Plaintiff alleges

---

[3] *Id.* ¶ 12.
[4] *Id.*
[5] *Id.* ¶ 14.
[6] *Id.* ¶ 17.

that Defendant knew that Plaintiff was the registered agent for the entity that owned the Morgan Property but that he did not have an ownership interest in it. Plaintiff asserts that Defendant misrepresented Plaintiff's ownership of the Morgan property to bolster probable cause.

As stated, Judge Hyde issued the search warrants based on the information contained in Defendant's affidavit. Defendant, along with the Salt Lake City Police Department and the FBI, executed the search warrant of Plaintiff's residence. They seized several computers and other digital media. After searching the electronic media at the residence, Plaintiff was arrested on 10 counts of child pornography and one count of sodomy on a child. Plaintiff alleges that no evidence had been found to support those charges.

Plaintiff brought suit in this Court in 2015. Plaintiff was eventually appointed counsel to assist in drafting his Third Amended Complaint. Plaintiff's Third Amended Complaint asserts claims for unlawful search and seizure and unlawful arrest. This matter was subsequently referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). Thereafter, Defendant filed a Motion for Judgment on the Pleadings, seeking dismissal on qualified immunity grounds. The Magistrate Judge issued a Report and Recommendation, recommending the Motion be denied without prejudice. Defendant objects.

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b), a party has 14 days after being served with a copy of the Report and Recommendation to file an objection. As Defendant has objected, the Court reviews the Report and Recommendation de novo.[7]

---

[7] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

In order to conduct a *de novo* review a court "should make an independent determination of the issues . . . ; [it] 'is not to give any special weight to the [prior] determination' . . . ." "The district judge is free to follow [a magistrate judge's recommendation] or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew."[8]

Defendant seeks judgment on the pleadings under Rule 12(c). The Court applies the same standards in evaluating motions under Rule 12(b)(6) and Rule 12(c).[9]

In considering a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[10] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face,"[11] which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[12] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[13]

---

[8] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. First City Nat'l Bank*, 386 U.S. 361, 368, (1967); *Mathews v. Weber*, 423 U.S. 261, 271 (1976)) (alterations in original).

[9] *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir. 2002).

[10] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[11] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[13] *Id.* (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[14]  As the Court in *Iqbal* stated,

> only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.[15]

In considering a motion to dismiss, a district court not only considers the complaint "but also the attached exhibits,"[16] the "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[17]  The Court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[18]

Defendant's Motion attaches exhibits to which Plaintiff objects.  Because Defendant's Motion can be decided without reference to the attachments, they have not been considered. Instead, the Court has only considered Plaintiff's Third Amended Complaint and the attachments appended thereto in deciding the Motion for Judgment on the Pleadings.

---

[14] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[15] *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).

[16] *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011).

[17] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[18] *Jacobsen*, 287 F.3d at 941.

III.  DISCUSSION

Defendant seeks dismissal on qualified immunity grounds.  "Qualified immunity exists to protect government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"[19]  Once a defendant invokes qualified immunity, the plaintiff bears the burden of demonstrating: "(1) the defendant violated a constitutional right and (2) the constitutional right was clearly established."[20]  "This is a heavy burden.  If the plaintiff fails to satisfy either part of the inquiry, the court must grant qualified immunity."[21]

A.  SEARCH

Plaintiff asserts that Defendant omitted material information and made false representations in his affidavit for the search warrants.  It is a violation of the Fourth Amendment to "knowingly, or with reckless disregard for the truth, include false statements in the affidavit, or to knowingly or recklessly omit from the affidavit information which, if included, would have vitiated probable cause."[22]  To prove such a claim, Plaintiff must show that, after setting aside all false information and including all omitted exculpatory evidence, probable cause was lacking.[23]

Here, Plaintiff has not plausibly alleged that, after setting aside all allegedly false information and including all omitted exculpatory evidence, the warrants lacked probable cause.

---

[19] *Estate of Reat v. Rodriguez*, 824 F.3d 960, 964 (10th Cir. 2016) (quoting *Dodds v. Richardson*, 614 F.3d 1185, 1191 (10th Cir. 2010)).

[20] *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009).

[21] *Carabajal v. City of Cheyenne, Wyo.*, 847 F.3d 1203, 1208 (10th Cir. 2017).

[22] *Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996) (internal quotation marks and citations omitted).

[23] *Pierce v. Gilchrist*, 359 F.3d 1279, 1293 (10th Cir. 2004).

Even when the additional information is added and the allegedly false statements are omitted, the salient assertion remains the same: Plaintiff allegedly took pictures with his cell phone of minors in various states of undress. This provides sufficient probable cause that Plaintiff's cell phone and other electronic devices may have contained evidence of sexual exploitation of a minor.

Under Utah law, "[a] person is guilty of sexual exploitation of a minor . . . when the person . . . knowingly produces, possesses, or possesses with intent to distribute child pornography."[24]

> "Child pornography" means any visual depiction, including any live performance, photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where: (a) the production of the visual depiction involves the use of a minor engaging in sexually explicit conduct; (b) the visual depiction is of a minor engaging in sexually explicit conduct; or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.[25]

"'Sexually explicit conduct' means . . . the visual depiction of nudity or partial nudity for the purpose of causing sexual arousal of any person."[26] "'Nudity or partial nudity' means any state of dress or undress in which the human genitals, pubic region, buttocks, or the female breast, at a point below the top of the areola, is less than completely and opaquely covered."[27]

Nothing about the context in which the pictures were taken or the fact that the initial report did not mention Plaintiff taking pictures detracts from a finding of probable cause. Similarly, even assuming Defendant was the first to suggest that pictures were taken, this

---

[24] *See* Utah Code Ann. § 76-5b-201(1)(a)(i).

[25] *Id.* § 76-5b-103(1).

[26] *Id.* § 76-5b-103(10)(f).

[27] *Id.* § 76-5b-103(8).

suggestion was then corroborated by the statements from two of the minors present. Plaintiff's contention that the pictures were not sexually explicit is completely conclusory and does not address the definition under Utah law. Plaintiff's own allegations state that one girl took off her shirt and a second took off her shirt and shorts to swim in the reservoir. Plaintiff also alleges that two girls alleged that Plaintiff took pictures of them while they were swimming. Under the definition set forth above, pictures of youths wading and swimming in a reservoir could be considered sexually explicit, depending on the circumstances. Thus, nothing about this additional information contradicts Defendant's statement in the affidavit that "an eleven year old female victim disclosed that Gollaher had taken pictures of her while she was clad in her underwear."[28] In sum, the additional information Plaintiff asserts should have been included in the affidavit does not vitiate probable cause.

Further, the ownership of the Morgan Property is not relevant to the issue of probable cause. Plaintiff does not contest the assertion in the affidavit that he used the Morgan Property for recreation and that it was located near where the crimes allegedly occurred. Indeed, his Third Amended Complaint alleges that the alleged incident occurred at a reservoir near the Morgan Property. Even assuming Plaintiff did not have an ownership interest in the Morgan property, probable cause would remain to search the Morgan Property. While Plaintiff argues that his alleged failure to report the Morgan Property as a secondary address was meant to bolster probable cause, probable cause would still exist without these allegations. The allegations of ownership might support a finding of probable cause for another crime—the failure to properly

---

[28] Docket No. 65-2.

report—but probable cause of sexual exploitation of a minor would remain if the allegations regarding ownership of the Morgan property were excluded.

B.     SEIZURE

Plaintiff next brings a claim related to his warrantless arrest.  "[A] government official must have probable cause to arrest an individual."[29]  "A warrantless arrest is permissible when an officer has probable cause to believe that a person committed a crime."[30] "Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed."[31]

Plaintiff asserts that he was arrested without probable cause.  The only allegation to support this assertion is that, on information and belief, "no evidence had been found at Mr. Gollaher's residence or the Morgan Property that would have provided probable cause to believe Mr. Gollaher had committed acts of sodomy on a child or sexual exploitation of a minor."[32]

The Court finds this allegation insufficient.  "The mere fact that a plaintiff uses the language 'information and belief' does not make an allegation conclusory but, instead, the Court must consider the content of the allegation itself."[33]  In considering the content, the Court finds

---

[29] *Cortez v. McCauley*, 478 F.3d 1108, 1117 (10th Cir. 2007).

[30] *Id.* at 1115 (internal citation and quotation marks omitted).

[31] *United States v. Valenzuela*, 365 F.3d 892, 896 (10th Cir. 2004) (internal citation and quotation marks omitted).

[32] Docket No. 65 ¶ 30.

[33] *ArCzar, Inc. v. Navico, Inc.*, No. 11-CV-805-PJC, 2012 WL 3150815, at *2 (N.D. Okla. Aug. 2, 2012) (citing *Dorf v. City of Evansville*, No. 11-CV-351-S, 2012 WL 1440343, at *4 n.2 (D. Wyo. Apr. 22, 2012)).

that the allegation is totally conclusory because it completely lacks factual support. Plaintiff merely asserts that no evidence had been found to support a finding of probable cause but provides no factual assertions to shore up this conclusory statement. It seems implausible that Plaintiff would be arrested and subjected to an ongoing criminal proceeding if "no evidence" had truly been found. Without more, this claim is subject to dismissal.

## IV. CONCLUSION

It is therefore

ORDERED that Defendant's Objection (Docket No. 91) is AFFIRMED. It is further

ORDERED that the Report and Recommendation (Docket NO. 89) is REJECTED. It is further

ORDERED that Defendant's Motion for Judgment on the Pleadings (Docket No. 73) is GRANTED.

DATED this 29th day of October, 2020.

BY THE COURT:

_____
Ted Stewart
United States District Judge